UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

AIR CANADA INC.,

  7373 Côte-Vertu Boulevard West
  Saint-Laurent, Quebec H4S 1Z3
  Canada

                    Petitioner,

          v.

THE BOLIVARIAN REPUBLIC OF
VENEZUELA,

  Procuraduría General de le República
  Bolivariana de Venezuela
  Av. Los Ilustres, Cruce con Calle Francisco
  Lazo Martí, Edificio Sede
  Procuraduría General de la República,
  Urb. Santa Mónica
  Caracas, 1040
  Venezuela

                    Respondent.

Civil Action No. _____

---

## PETITION TO CONFIRM ARBITRAL AWARD

Petitioner Air Canada Inc. ("Petitioner" or "Air Canada"), by and through its undersigned counsel, hereby petitions this Court for an order pursuant to 9 U.S.C. § 207 and Article IV of the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention" or the "Convention"): (i) confirming, recognizing, and enforcing the final award (the "Award")[1] rendered by an arbitral tribunal (the "Tribunal") on September 13, 2021, and corrected by the Tribunal on October 27, 2021,

---

[1] True and correct copies of the Award and the Tribunal's Decision on Correction of the Award, certified by the Secretary-General of ICSID, are attached as Exhibits 1 and 2, respectively, to the Declaration of Thomas C.C. Childs ("Childs Decl."), which is filed concurrently with and in support of this Petition.

in an arbitration (the "Arbitration") between Petitioner and Respondent the Bolivarian Republic of Venezuela ("Respondent" or "Venezuela") pursuant to the Arbitration (Additional Facility) Rules of the International Centre for Settlement of Investment Disputes (2006 version) (the "ICSID Additional Facility Arbitration Rules")[2] and the Agreement between the Government of Canada and the Government of the Republic of Venezuela for the Promotion and Protection of Investments, dated July 1, 1996 (the "Treaty");[3] (ii) entering judgment in Petitioner's favor against Respondent in the amount of the Award plus interest and costs awarded therein, post-judgment interest pursuant to 28 U.S.C. 1961, and the costs of this proceeding; and (iii) awarding Petitioner such other and further relief as this Court may find just and proper.

## PARTIES

1. Petitioner Air Canada is a company incorporated under the laws of Canada, having its principal place of business at 7373 Côte-Vertu Boulevard West, Saint-Laurent, Quebec, H4S 1Z3, Canada.

2. Respondent Venezuela is a foreign state within the meaning of the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), and 1602-1611.

## JURISDICTION AND VENUE

3. The Arbitration was seated, and the Award was rendered, in Paris, France. Petitioner brings this summary proceeding under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.* (the "FAA"), and the New York Convention to confirm the Award.

4. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C.

---

[2] A true and correct copy of the ICSID Additional Facility Arbitration Rules (2006 version) is attached as Exhibit 3 to the Childs Decl.
[3] A true and correct copy of the Treaty is attached as Exhibit 4 to the Childs Decl.

§ 1330(a) because it is a "nonjury civil action against a foreign state," with respect to which the foreign state is not entitled to immunity under the FSIA.

5. Pursuant to Section 1605(a)(1) of the FSIA, Venezuela is not entitled to immunity from jurisdiction because it implicitly waived its immunity from jurisdiction over proceedings to confirm foreign arbitral awards under the New York Convention when it became a Contracting State to the Convention.[4] *See Tatneft v. Ukraine*, 771 F. App'x 9, 9-10 (D.C. Cir. 2019) (per curiam); *Creighton Ltd. v. Gov't. of the State of Qatar*, 181 F.3d 118, 123 (D.C. Cir. 1999).

6. In addition, pursuant to Section 1605(a)(6) of the FSIA, Venezuela is not entitled to immunity from jurisdiction because Petitioner brings this proceeding to confirm an arbitral award governed by the New York Convention, which is a treaty "in force" in the United States "calling for the recognition and enforcement of arbitral awards." *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 27 F.4th 771, 776 (D.C. Cir. 2022).

7. This Court also has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 because it arises under the laws and treaties of the United States. *See* 9 U.S.C. § 203 (proceeding under New York Convention "shall be deemed to arise under the laws and treaties of the United States").

8. Personal jurisdiction over Venezuela exists under 28 U.S.C. § 1330(b), which provides that this Court may exercise personal jurisdiction over a foreign state as to every claim for relief over which the Court has subject matter jurisdiction, provided that service has been made in accordance with 28 U.S.C. § 1608.

---

[4] Venezuela acceded to the New York Convention on February 8, 1995. *See* https://www.newyorkconvention.org/contracting-states/contracting-states (last accessed on July 25, 2024).

9. Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

## THE AGREEMENT TO ARBITRATE

10. The arbitration agreement between Petitioner and Respondent consists of two parts: (i) Respondent's consent to arbitrate contained in Article XII of the Treaty; and (ii) Petitioner's consent to arbitrate contained in its Request for Access to the Additional Facility and Request for Arbitration (the "Request for Arbitration").[5]

**A.    Respondent's Consent to Arbitrate**

11. Respondent consented to arbitrate its disputes with Canadian investors such as Petitioner in Article XII of the Treaty, which entered into force on January 28, 1998.[6] Specifically, Article XII(5) of the Treaty provides: "Each Contracting Party hereby gives its unconditional consent to the submission of a dispute to international arbitration in accordance with the provisions of this Article."[7]

**B.    Petitioner's Consent to Arbitrate**

12. Petitioner consented to arbitrate its dispute with Respondent in its Request for Arbitration, which it filed with the International Centre for Settlement of Investment Disputes ("ICSID") on December 16, 2016.[8] Specifically, in accordance with Article XII(3) of the Treaty, Petitioner expressed its unconditional consent to submit the dispute to arbitration in paragraph 43 of its Request for Arbitration.[9]

13. As the Tribunal concluded in the Award, Petitioner is a protected investor under the

---

[5] A true and correct of copy of the Request for Arbitration is attached as Exhibit 5 to the Childs Decl.
[6] Childs Decl., Ex. 1, ¶ 130 & Ex. 4.
[7] Childs Decl., Ex. 4 at 7.
[8] Childs Decl., Ex. 5.
[9] Childs Decl., Ex. 5, ¶ 43.

Treaty, and it properly submitted its investment-based claims to arbitration under the ICSID Additional Facility Arbitration Rules in accordance with Article XII of the Treaty.[10]

## SUMMARY OF THE UNDERLYING DISPUTE

14. The dispute underlying the Award arose out of Venezuela's violations of the Treaty with respect to Air Canada's investments in Venezuela's aviation sector.

15. On July 1, 2004, Air Canada began operating the Toronto-Caracas-Toronto route, with three weekly flights, usually with a 120-seat Airbus 319 aircraft.[11] Under Venezuelan law, Air Canada was required to apply to a Venezuelan government entity, the *Comisión de Administración de Divisas* ("CADIVI"), for authorization (i) to exchange the Venezuelan bolivars generated from its local ticket sales into U.S. dollars and (ii) to repatriate the U.S. dollars to its headquarters in Canada.[12] This authorization was known as an *Autorización de Adquisición de Divisas* ("AAD").[13]

16. From July 2004 to November 2012, Air Canada submitted 91 AAD requests to CADIVI totaling approximately US$ 91 million.[14] CADIVI approved all 91 requests.[15]

17. From September 2013 through January 2014, Air Canada submitted 15 additional AAD requests to CADIVI, totaling approximately US$ 50 million, in relation to ticket sales between October 2012 and December 2013.[16] However, CADIVI never issued a decision to accept or reject these 15 AAD requests.[17] In March 2014, Air Canada suspended its flights to and from Caracas

---

[10] Childs Decl., Ex. 1, ¶¶ 313-315.
[11] Childs Decl., Ex. 1, ¶ 15.
[12] *Id.*, ¶¶ 16-20, 367.
[13] *Id.*, ¶ 19.
[14] *Id.*, ¶¶ 20, 367.
[15] *Id.*
[16] *Id.*, ¶¶ 21, 367.
[17] *Id.*, ¶ 367.

5

because of (*inter alia*) its inability to repatriate its funds to Canada.[18]

18. From April 2014 to October 2014, Air Canada unsuccessfully sought to persuade Venezuela to approve its AAD requests so that it could resume operations in Venezuela.[19] During this same period, Venezuela approved AAD requests submitted by other international airlines, but it never approved Air Canada's AAD requests.[20]

## THE ARBITRATION

19. On December 16, 2016, Air Canada filed its Request for Arbitration with ICSID.[21] Air Canada claimed that Venezuela's refusal to process its AAD requests breached several provisions of the Treaty, including Article VIII (free transfer of funds), Article II(2) (fair and equitable treatment), and Article VII (expropriation).[22] On January 13, 2017, the Secretary-General of ICSID approved access to the Additional Facility and registered the Request for Arbitration.[23]

20. The Arbitration was seated in Paris, France and proceeded in accordance with the ICSID Additional Facility Arbitration Rules.[24] The selection of the Tribunal was completed on September 26, 2017.[25] The Tribunal was composed of Prof. Pierre Tercier (President, appointed by the Chairman of the ICSID Administrative Council in accordance with Article 10 of the ICSID Additional Facility Arbitration Rules), Dr. Charles Poncet (appointed by Air Canada), and Ms. Deva Villanúa (appointed by Venezuela).[26]

---

[18] *Id.*, ¶¶ 25, 367.
[19] *Id.*, ¶¶ 29-33, 367.
[20] *Id.*, ¶¶ 32, 367.
[21] *Id.*, ¶ 35.
[22] Childs Decl., Ex. 5, ¶ 33.
[23] Childs Decl., Ex. 1, ¶ 36.
[24] *Id.*, ¶¶ 37-39.
[25] *Id.*, ¶ 37.
[26] *Id.*

21. Venezuela was represented in the Arbitration by its Attorney General (*Procurador General de la República*) and by external counsel at the law firms De Jesús & De Jesús, S.A. (Caracas and Panama) and Alfredo De Jesús O. – Transnational Arbitration & Litigation (Paris).[27] Venezuela fully participated in the Arbitration, including submitting an Application for Bifurcation, a Counter-Memorial on Jurisdiction and Merits, and a Rejoinder on Jurisdiction and Merits.[28]

22. From March 10 to 12, 2020, the Tribunal conducted a hearing at the World Bank premises in Paris, in which both parties participated, presented witnesses for examination, and were represented by their respective counsel.[29] Each party subsequently filed a Post-Hearing Brief and a Reply Post-Hearing Brief.[30] On August 12, 2021, the Tribunal declared the proceedings closed pursuant to Article 44 of the ICSID Additional Facility Arbitration Rules.[31]

## THE AWARD

23. On September 13, 2021, the Tribunal issued the Award, which was unanimous.[32]

24. Regarding jurisdiction, the Tribunal rejected all of Venezuela's objections and concluded that "the present dispute is within its jurisdiction and is admissible."[33]

25. Regarding the merits, the Tribunal concluded that Venezuela breached its obligation under Article VIII of the Treaty to guarantee to Air Canada the free transfer of its funds.[34] Specifically, the Tribunal concluded that Venezuela's inaction in relation to the 15 AAD requests

---

[27] *Id.* at ii.
[28] *Id.*, ¶¶ 41-96.
[29] *Id.*, ¶ 111.
[30] *Id.*, ¶¶ 118, 126.
[31] *Id.*, ¶ 129.
[32] *See id.* at 193-96.
[33] *Id.*, ¶ 315. *See also id.* at 193.
[34] *Id.*, ¶ 398 & p. 193.

made by Air Canada from September 2013 to January 2014 "has had the effect of depriving [Air Canada] of the right to freely transfer its funds in accordance with the applicable regime."[35]

26. The Tribunal concluded that Venezuela also breached its obligation under Article II(2) of the Treaty to accord "fair and equitable treatment" to Air Canada's investments and returns.[36] Specifically, the Tribunal concluded that: (i) Venezuela's failure to address or process Air Canada's 15 AAD requests in accordance with the applicable rules violated Air Canada's legitimate expectations; (ii) Venezuela's treatment of the 15 AAD requests was not transparent; and (iii) Venezuela "discriminated against [Air Canada] and treated it inconsistently . . . compared to other international airlines with similar pending AAD requests during the same period."[37] On the other hand, the Tribunal rejected Air Canada's claim that Venezuela directly or indirectly expropriated its investments and returns in violation of Article VII of the Treaty.[38]

27. The Tribunal concluded that Air Canada was entitled to damages as a result of Venezuela's breach of Articles VIII and II(2) of the Treaty because "there is a sufficient connection between [Venezuela's] breach and [Air Canada's] claimed loss" and Air Canada "did not fail to mitigate and did not contribute to this loss."[39]

28. The Tribunal awarded Air Canada US$ 20,790,574 as damages for Venezuela's breach of Articles VIII and II(2) of the Treaty.[40] The dispositif of the Award stated that this amount would accrue "simple interest . . . at the rate reflecting Claimant's cost of debt from 17 March 2014

---

[35] *Id.*, ¶ 379.
[36] *Id.*, ¶ 471 & p. 193.
[37] *Id.*, ¶¶ 460, 463, 469.
[38] *Id.*, ¶¶ 524-33.
[39] *Id.*, ¶ 610.
[40] *Id.*, ¶ 651 & p. 193.

until payment in full."[41] The Tribunal also awarded Air Canada 75% of its legal fees and expenses (i.e., US$ 4,834,129.39).[42]

29. On October 12, 2021, Venezuela submitted to ICSID its Request for Correction of an Error in the Award pursuant to Article 56 of the ICSID Additional Facility Arbitration Rules.[43]

30. On October 27, 2021, the Tribunal issued its Decision on Correction of the Award, which was unanimous.[44] In its Decision on Correction of the Award, the Tribunal corrected the award of interest contained in the dispositif of its Award, such that the principal amount of damages awarded to Air Canada in the Award would accrue "simple interest . . . at the rate reflecting Claimant's cost of debt from 26 May 2014 until payment in full."[45]

31. Under Article XII(10) of the Treaty, the Award (as corrected by the Tribunal in its Decision on Correction of the Award) is "final and binding."[46] Article 52(4) of the ICSID Additional Facility Arbitration Rules likewise provides that the Award "shall be final and binding on the parties."[47]

## SET-ASIDE PROCEEDINGS IN FRANCE

32. On November 29, 2021, Venezuela initiated proceedings to set aside the Award before the Paris Court of Appeal.[48]

---

[41] *Id.* at 193. This portion of the dispositif was inconsistent with the text of the Award, in which the Tribunal ruled that simple interest would accrue "at Canada's effective interest rate for businesses from 26 May 2014 until payment in full." *Id.*, ¶ 705. As explained below, the Tribunal corrected its award of interest in its Decision on Correction of the Award issued on October 27, 2021.

[42] *Id.*, ¶ 724 & p. 193.

[43] Childs Decl., Ex. 2, ¶ 2.

[44] *See id.* at 4-6.

[45] *Id.*, ¶ 15.

[46] Childs Decl., Ex. 4 at 10.

[47] Childs Decl., Ex. 3, Art. 52(4).

[48] Childs Decl., ¶ 8.

33. In the set-aside proceedings, Venezuela requested that the Paris Court of Appeal vacate the Award on the grounds that: (i) the Tribunal lacked jurisdiction over the parties' dispute; and (ii) the Tribunal failed to comply with its mission.[49]

34. On September 26, 2023, the Paris Court of Appeal issued a decision: (i) rejecting Venezuela's set-aside application; (ii) ruling that the Award was enforceable in France; and (iii) ordering Venezuela to pay the costs of the set-aside proceedings.[50]

35. To date, Venezuela has not made any payment in satisfaction of the Award.[51]

## CAUSE OF ACTION – RECOGNITION OF THE AWARD PURSUANT TO 9 U.S.C. § 207 AND ARTICLE IV OF THE NEW YORK CONVENTION

36. Petitioner repeats and realleges the allegations in paragraphs 1 through 35 as if set forth fully herein.

37. The Award is subject to the New York Convention, which applies "to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." New York Convention, Art. I(1); *see also* 9 U.S.C. § 201 ("The [New York Convention] shall be enforced in United States courts in accordance with this chapter."). The United States, France, and Venezuela are all parties to the New York Convention.[52]

38. Article IV of the New York Convention provides that a party applying for recognition and enforcement of an award "shall, at the time of the application, supply: (a) [t]he duly authenticated original award or a duly certified copy thereof; [and] (b) [t]he original agreement [to arbitrate]

---

[49] *Id.*, ¶ 9.
[50] *Id.*, ¶ 10.
[51] *Id.*, ¶ 11.
[52] *See* New York Convention, Contracting States, https://www.newyorkconvention.org/contracting-states (last accessed on July 25, 2024).

referred to in article II or a duly certified copy thereof." Copies of the Award and the Decision on Correction of the Award, duly certified by ICSID, are submitted herewith.

39. The parties' agreement to arbitrate is found in Article XII of the Treaty and in Petitioner's Request for Arbitration, in which Petitioner accepted Respondent's standing offer to arbitrate found in Article XII of the Treaty. *See supra* ¶¶ 10-11; *Chevron Corp. v. Republic of Ecuador*, 949 F. Supp. 2d 57, 66-67 (D.D.C. 2013), *aff'd*, 795 F.3d 200 (D.C. Cir. 2015).

40. The Award arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

41. Section 207 of the FAA provides that a court "shall confirm" an award subject to the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." 9 U.S.C. § 207. None of the New York Convention grounds for denying or deferring recognition and enforcement of an award apply in this case.

42. For the foregoing reasons, Petitioner is entitled to an order pursuant to 9 U.S.C. § 207 and Article IV of the New York Convention: (i) confirming, recognizing, and enforcing the Award (as corrected by the Decision on Correction of the Award); (ii) entering judgment in Petitioner's favor and against Respondent in the amount of the Award, plus (a) the costs awarded in the Award, (b) the interest awarded in the Award (as corrected by the Decision on Correction of the Award, and in an amount to be determined), (c) post-judgment interest pursuant to 28 U.S.C. 1961, and (d) the costs of this proceeding; and (iii) awarding Petitioner such other and further relief as this Court may find just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court enter an order pursuant to 9 U.S.C. § 207 and Article IV of the New York Convention:

(i) confirming, recognizing, and enforcing the Award (as corrected by the Decision on Correction of the Award);

(ii) entering judgment in Petitioner's favor and against Respondent in the principal amount of the Award, US$ 20,790,574, plus: (a) the costs awarded in the Award (US$ 4,834,129.39); (b) interest as provided in the Award and as corrected by the Decision on Correction of the Award (in an amount to be determined); (c) post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of entry of judgment to the date the judgment is satisfied in full; and (d) the costs of this proceeding in an amount to be quantified; and

(iii) granting Petitioner such other and further relief as may be just and proper.

Dated: New York, New York
July 31, 2024

                                                  Respectfully submitted,

                                                   */s/ Thomas C.C. Childs*
Thomas C.C. Childs (NY0449)
Vivasvat Dadwal (NY0360)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2200
Fax: (212) 556-2222
tchilds@kslaw.com
vdadwal@kslaw.com

*Attorneys for Petitioner Air Canada Inc.*