**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| AIR CANADA INC.,<br><br>*Petitioner*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Respondent*. | Case No. 1:24-cv-2249-JDB |

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO RESPONDENT'S MOTION FOR LEAVE TO FILE ANSWER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ....................................................................................................2

A. The Arbitration and the Award ....................................................................2

B. The French Set-Aside Proceedings ...............................................................2

C. The U.S. Confirmation Proceedings .............................................................3

ARGUMENT .........................................................................................................5

I. The Court Should Deny Venezuela's Motion for Leave to File an Answer Because There Is Nothing Left for the Court to Decide Other Than the Amount of the Judgment. .......................................................................................................5

II. Venezuela's Change of Government Does Not Entitle It to a Do-Over of These Award Confirmation Proceedings..............................................................................6

III. Venezuela's Motion for Leave to File an Answer Also Fails on Its Own Terms...............8

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Biton v. Palestinian Interim Self-Gov't Auth.*,
252 F.R.D. 1 (D.D.C. 2008) ........ 7

*LLC Komstroy v. Republic of Moldova*,
2019 WL 3997385 (D.D.C. Aug. 23, 2019) ........ 5

*LLC SPA Stileks v. Republic of Moldova*,
985 F.3d 871 (D.C. Cir. 2021) ........ 8

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
419 F. Supp. 3d 51 (D.D.C. 2019) ........ 9

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993) ........ 10

*Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*,
962 F.3d 576 (D.C. Cir. 2020) ........ 5

*Stati v. Republic of Kazakhstan*,
199 F. Supp. 3d 179 (D.D.C. 2016) ........ 9

*TermoRio S.A. E.S.P. v. Electranta S.P.*,
487 F.3d 928 (D.C. Cir. 2007) ........ 5

**Statutes**

9 U.S.C. § 6 ........ 5

9 U.S.C. § 208 ........ 5

28 U.S.C. § 1605(a)(1) ........ 9

**Other Authorities**

Fed. R. Civ. P. 6 ........ 5, 8

Petitioner Air Canada Inc. ("Air Canada") respectfully submits this memorandum of points and authorities in opposition to Respondent the Bolivarian Republic of Venezuela's ("Venezuela") Motion For Leave to File Answer (ECF No. 31). For the reasons stated below, the Court should deny Venezuela's motion and enter the proposed final judgment submitted by the parties on September 25, 2026 (ECF No. 30).

**PRELIMINARY STATEMENT**

The Court should deny Venezuela's motion for leave to file an answer out of time because there is nothing left for the Court to decide in these confirmation proceedings other than the amount of the judgment (as to which there is no dispute between the parties). When Venezuela responded to Air Canada's petition, Venezuela presented no immunity argument or any other threshold defense and presented a full suite of merits defenses to enforcement under Article V of the New York Convention. On August 14, 2026, the Court issued an order denying Venezuela's motion to dismiss (which the Court construed as a response) and granting Air Canada's petition. Once the Court issued that order, these proceedings were effectively concluded, with the only remaining issue being the amount of the judgment. Because Venezuela submitted its merits defenses in its response to Air Canada's petition, it has no right to take a second bite at the apple by filing an untimely answer. The Court cannot extend the time for Venezuela to file a pleading that it never had any right to file at all.

In any event, Venezuela's recent change of government does not entitle it to a do-over of these proceedings. Contrary to Venezuela's baseless assertion, the previous government, whose U.S. counsel represented Venezuela in these proceedings, was not a "sham government." To the contrary, it was recognized by the by the U.S. Executive as the legitimate government of Venezuela at all relevant times in these proceedings, including on November 17, 2025, when Venezuela filed its motion to dismiss, and on March 2, 2026, when Venezuela filed its reply brief. Moreover, as

explained below, Venezuela's motion for leave to file an answer also fails on its own terms, because none of the four factors that courts consider when deciding whether to permit a late filing weighs in Venezuela's favor.

## BACKGROUND

### A. The Arbitration and the Award

On December 16, 2016, Air Canada filed a request for arbitration with the International Centre for Settlement of Investment Disputes ("ICSID") under Article XII of the Agreement between the Government of Canada and the Government of the Republic of Venezuela for the Promotion and Protection of Investments, dated July 1, 1996 (the "BIT"). ECF No. 1-6 ¶¶ 46-54. The arbitration was seated in Paris and proceeded in accordance with the ICSID Additional Facility Arbitration Rules. ECF No. 1-2 ¶¶ 37-39.

In the arbitration, Venezuela objected to the arbitral tribunal's jurisdiction on several grounds, including that Air Canada purportedly initiated the arbitration after the expiration of the three-year statutory period provided by Article XII(3)(d) of the BIT. ECF No. 1-2 ¶ 236. Venezuela was represented in the arbitration by the Maduro regime, which was recognized by the U.S. Executive as the legitimate government of Venezuela until January 23, 2019, when President Trump recognized the 2015 National Assembly's President, Juan Guaidó, as the Interim President of Venezuela. ECF No. 25 at 2-4. On September 13, 2021, the tribunal issued its final award, in which it rejected Venezuela's jurisdictional objections, including its time-bar objection under Article XII(3)(d) of the BIT. ECF No. 1-2 ¶¶ 264-265.

### B. The French Set-Aside Proceedings

On November 29, 2021, Venezuela applied to the Paris Court of Appeal to set aside the tribunal's award. ECF No. 1-1 ¶ 8. Venezuela argued that the award should be set aside because (*inter alia*) the tribunal lacked jurisdiction over Air Canada's claims. *Id.* ¶ 9. In support of this

argument, Venezuela contended that: (i) Air Canada did not comply with the BIT's time-bar provision; and (ii) compliance with this provision was a condition of Venezuela's consent to arbitration, not merely a procedural precondition for Air Canada's use of arbitration. ECF No. 13-1 ¶ 14; Third Childs Decl., Ex. 1 (Judgment of the Paris Court of Appeal), ¶ 22.

On September 26, 2023, the Paris Court of Appeal issued a judgment rejecting Venezuela's application to set aside the award. Third Childs Decl., Ex. 1, Part IV(1). The court held that compliance with the BIT's time-bar provision was a procedural precondition for the use of arbitration, not a condition of Venezuela's consent to arbitration. *Id.* ¶¶ 31, 35-39. Accordingly, the court could not review the tribunal's decision rejecting Venezuela's time-bar objection. *Id.*

### C. The U.S. Confirmation Proceedings

On July 31, 2024, Air Canada filed a petition in this Court seeking confirmation, recognition, and enforcement of the award under the New York Convention. ECF No. 1. On November 17, 2025, Venezuela filed a response to the petition which it captioned as a "motion to dismiss," but it did not assert sovereign immunity or any other threshold defense to the petition. *See* ECF No. 11. Venezuela filed a 28-page memorandum of points and authorities in support of its motion. ECF No. 11-1. Venezuela argued that the Court should deny confirmation of the award under the New York Convention because: (i) confirmation would violate U.S. public policy; and (ii) Venezuela was deprived of due process in the arbitration. *Id.* Venezuela did not argue that the tribunal lacked jurisdiction over Air Canada's claims under the BIT's time-bar provision.

In its opposition to Venezuela's motion, Air Canada pointed out that Venezuela should have captioned its motion as an opposition to the petition, because it did not assert sovereign immunity or raise any other threshold defense to the petition. ECF No. 13 at 1 n.1. Air Canada also pointed out that "[b]ecause Venezuela asserts only merits defenses under the New York Convention in its motion to dismiss, the Court should grant the Petition at the same time that it

denies Venezuela's motion." *Id.* at 1 n.2. On March 2, 2026, Venezuela filed its reply brief in support of its motion. ECF No. 14. Venezuela did not object to Air Canada's request that the Court treat its motion as an opposition to the petition.

When Venezuela submitted its motion to dismiss and reply in these confirmation proceedings, it was represented by the 2015 National Assembly, which continued to be recognized by the U.S. Executive as the legitimate government of Venezuela until March 5, 2026. *See* Third Childs Decl., Ex. 2 (*Venezuela's Interim Government and the 2015 National Assembly*, U.S. Dept. of State, Jan. 3, 2023); Third Childs Decl., Ex. 3 (*A Statement on U.S.-Venezuela Relations*, U.S. Dept. of State, Mar. 5, 2026); Third Childs Decl., Ex. 4 (Letter from U.S. Dept. of State to U.S. Attorney for the S.D.N.Y., Mar. 10, 2026, filed as Ex. A to U.S. Statement of Interest in *Osio v. Moros*, No. 1:25-mc-390 (S.D.N.Y.), ECF No. 41-1). On March 5, 2026, the U.S. State Department issued a statement announcing the normalization of diplomatic relations with Venezuela under the interim government of Delcy Rodríguez. Third Childs Decl., Ex. 3. On March 11, 2026, the U.S. Justice Department filed a statement of interest in a case in the District Court for the Southern District of New York, stating that the U.S. Executive recognized the Rodríguez administration as the legitimate government of Venezuela. Third Childs Decl., Ex. 4.

On August 14, 2026, this Court issued a memorandum opinion and order denying Venezuela's motion to dismiss, granting Air Canada's petition, and directing the parties to meet and confer and file a proposed final judgment by September 14, 2026. ECF Nos. 25, 26. Agreeing with Air Canada's position, the Court construed Venezuela's motion to dismiss as an opposition because the motion did not assert any grounds to dismiss the petition. ECF No. 25 at 5-6.

## ARGUMENT

### I. The Court Should Deny Venezuela's Motion for Leave to File an Answer Because There Is Nothing Left for the Court to Decide Other Than the Amount of the Judgment.

Venezuela's request for leave to file an answer ignores the procedural posture of these award confirmation proceedings, in which there is nothing left for the Court to decide other than the amount of the judgment. A motion under Federal Rule 6(b)(1)(B) is appropriate only when a party seeks leave to file a pleading or motion paper "after the time [for the filing] has expired." Fed. R. Civ. P. 6(b)(1). Here, Venezuela never had any right under the Federal Rules to file an answer or other response to the petition after the Court denied its motion to dismiss and granted Air Canada's petition.

The Federal Arbitration Act ("FAA") directs that a petition to confirm an award be treated as a motion rather than a pleading. *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions[.]"); 9 U.S.C. § 208 ("Chapter 1 [of the FAA] applies to actions and proceedings brought under [Chapter 2] to the extent [Chapter 1] is not in conflict with this chapter or the Convention as ratified by the United States."); *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007) ("motions to enforce arbitral awards [under the New York Convention] should proceed under motions practice, not notice pleading"). A foreign state can assert sovereign immunity in a motion to dismiss a confirmation petition before it presents any merits defenses to the petition, but it "remains free to oppose a confirmation petition" by "brief[ing] immunity and merits issues in a single motion to dismiss," thus "forgo[ing] its entitlement to a threshold determination of immunity." *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 587 (D.C. Cir. 2020). *See also, e.g.*, *LLC Komstroy v. Republic of Moldova*, 2019 WL 3997385, at *3, *15 (D.D.C. Aug. 23, 2019) (simultaneously granting petition to confirm award and denying

respondent's motion to dismiss, which included merits defenses under the New York Convention).

As explained above, Venezuela filed a response to Air Canada's petition on November 17, 2025. *See* ECF Nos. 11, 11-1. Although Venezuela captioned its response as a motion to dismiss, the Court treated the response as an opposition to the petition, because Venezuela did not assert sovereign immunity or raise any other threshold defense to the petition and instead presented only merits defenses under Article V the New York Convention. ECF No. 25 at 5-6. In its August 14, 2026 order, the Court denied Venezuela's motion and granted Air Canada's petition. ECF No. 26. Once the Court granted the petition, these confirmation proceedings were effectively concluded, with the only remaining issue being the amount of the judgment.[1] In short, because Venezuela already submitted its merits defenses in its initial response to the petition, it has no right under the Federal Rules to a second response, and particularly not after the Court denied its motion and granted Air Canada's petition.

## II. Venezuela's Change of Government Does Not Entitle It to a Do-Over of These Award Confirmation Proceedings.

Venezuela contends (at 7) that the Court should grant it leave to file an answer because Air Canada's claim was purportedly "time-barred" and "defended inadequately by an unrecognized sham government." In support of this contention, it asserts (at 1) that the United States "had not recognized any government in Venezuela" during the "four years preceding" its recognition of the Rodríguez government in March 2026. These contentions lack merit.

*First*, the 2015 National Assembly, whose U.S. counsel represented Venezuela in these proceedings until July 27, 2026 (*see* Min. Order, July 27, 2026 (granting counsel's motion to withdraw)), was not a "sham government." To the contrary, the 2015 National Assembly was

[1] There is no dispute between the parties concerning the amount of the proposed judgment, which the parties jointly submitted to the Court on September 25, 2026. ECF No. 30.

recognized by the U.S. Executive as the legitimate government of Venezuela at all relevant times in these proceedings, including on November 17, 2025, when Venezuela responded to Air Canada's petition, and on March 2, 2026, when Venezuela filed its reply brief. *See* ECF No. 25 at 2-3; Third Childs Decl., Exs. 2, 3, 4.

*Second*, the mere fact that Venezuela has changed counsel and wants to pursue a different legal strategy does not entitle Venezuela to additional briefing. *See Biton v. Palestinian Interim Self-Gov't Auth.*, 252 F.R.D. 1, 1 (D.D.C. 2008) (declining "to give the [movants] yet another opportunity merely to change their intentionally-selected litigation strategy seven years after suit was filed because new counsel have been retained").

*Third*, Venezuela's suggestion that the 2015 National Assembly "inadequately" defended this case is meritless. Venezuela erroneously asserts (at 1) that the motion to dismiss filed by the 2015 National Assembly was "a scant three pages and raised only one argument." In fact, Venezuela submitted a 28-page brief in support of its motion, which argued that the award should not be confirmed because: (i) confirmation would violate two U.S. public policies; and (ii) Venezuela was deprived of due process in the arbitration. *See* ECF No. 11-1. Nor does the fact that Venezuela chose not to raise the time-bar argument rejected by both the arbitral tribunal and the Paris Court of Appeal render Venezuela's defense inadequate.

Indeed, Venezuela's previous government properly abandoned the time-bar argument because it is hopeless. Venezuela now suggests (at 3) that it may be immune from this Court's jurisdiction because "courts universally understand [the BIT's three-year limitations period] as limiting the [BIT] parties' consent to claims brought within that time restriction." But the Paris Court of Appeal squarely held that compliance with the BIT's time-bar provision was a procedural precondition for the use of arbitration, ***not*** a condition of Venezuela's consent to arbitration. Third

Childs Decl., Ex. 1, ¶¶ 31, 35-39. In any event, even if the BIT's time-bar provision were relevant to consent, Venezuela's time-bar argument goes only to the scope of its consent (whether it agreed to arbitrate this particular claim), not to the existence of that consent (whether Venezuela agreed to arbitrate claims by Canadian investors). Accordingly, the time-bar argument is irrelevant to this Court's jurisdiction. *See LLC SPA Stileks v. Republic of Moldova*, 985 F.3d 871, 878 (D.C. Cir. 2021) ("[T]he arbitrability of a dispute is not a jurisdictional question under the FSIA.").[2]

## III. Venezuela's Motion for Leave to File an Answer Also Fails on Its Own Terms.

Even if the Court were to entertain Venezuela's improper Rule 6(b)(1)(B) motion, the motion fails on its own terms. Venezuela sets out the four factors that courts consider when deciding whether to permit a late filing, but it fails to establish that these factors weigh in favor of the relief it seeks. *See* ECF No. 31 at 4-7.

Addressing the first factor ("the risk of prejudice to the other side"), Venezuela perfunctorily asserts (at 4-5) that its requested relief "will neither prejudice Plaintiff nor disrupt the orderly resolution of this action." Not so. Confirmation of the petition was the culmination of lengthy and costly proceedings before the arbitral tribunal, the Paris Court of Appeal, and this Court. Venezuela now seeks a reset to raise a new defense that it had ample opportunity to raise previously. A delay in the entry of judgment would cause a serious and cognizable harm to Air Canada, which cannot attach or execute on Venezuela's assets until judgment is entered and which

[2] To the extent Venezuela wishes to raise the time-bar argument as a merits defense under the New York Convention, that defense is precluded by the arbitral tribunal's finding that Air Canada brought its claims within the BIT's three-year limitations period. *See* ECF No. 1-2 ¶¶ 264-265; *Stileks*, 985 F.3d at 878 ("If an agreement assigns the arbitrability determinations to an arbitrator, 'a court possesses no power to decide the arbitrability issue,' even if it thinks the argument for arbitrability is 'wholly groundless.'") (quoting *Harry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019)). As this Court already has found, Venezuela agreed to arbitrate under the ICSID Additional Facility Arbitration Rules, which grant the tribunal the power to decide any issues of arbitrability. *See* ECF No. 25 at 12-13.

is competing with Venezuela's numerous other creditors to collect on its award. *See, e.g.*, *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 56 (D.D.C. 2019) (denying Venezuela's motion for stay despite its "political upheaval" because "[a] stay in this case would only serve to delay plaintiff's entitlement to a judgment").

Turning to the second factor ("the length of the delay and the potential impact on judicial proceedings"), Venezuela asserts (at 5) that "[t]he Court denied the Republic's motion to dismiss a little over a month ago, and the Parties have not yet filed their joint proposed final judgment." However, the deadline for Venezuela to respond to the petition was November 17, 2025 (*see* Court's Min. Order, Sept. 12, 2025), and it now seeks to assert a new defense that it was required to raise in its response filed on that date. Accordingly, the length of Venezuela's delay in seeking to assert this new defense is almost ***11 months***, not "a little over a month."

In addition, Venezuela's statement that "the Parties have not yet filed their joint proposed final judgment" is wrong. *See* ECF No. 30 at 1 n.1 (explaining that "[t]he parties are filing this proposed final judgment jointly in accordance with the Court's Order of August 14, 2026, and its minute order of September 14, 2026.").

Venezuela's assertion (at 5) that its new time-bar defense "could affect the disposition of the Petition and moot the currently pending appeal" also lacks merit. Allowing Venezuela to raise the time-bar defense now would be futile, for two reasons. First, as discussed above, the time-bar defense always would have been hopeless, regardless of whether Venezuela raised it as an immunity defense under the FSIA or as a merits defense under the New York Convention. Second, by failing to raise the immunity defense in its motion to dismiss, Venezuela waived any immunity under 28 U.S.C. § 1605(a)(1). *See Stati v. Republic of Kazakhstan*, 199 F. Supp. 3d 179, 189–90 (D.D.C. 2016) (Kazakhstan waived any immunity by failing to raise immunity defense in its first

responsive pleading).

Moreover, the second factor requires the Court to consider whether a late filing would pose a "danger" of "disruption to efficient judicial administration." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993). Plainly, allowing Venezuela to raise a new defense almost a year late, and after the Court has already granted the relief requested by Air Canada, would disrupt "efficient judicial administration."

Nor does either of the remaining two factors ("the reason for the delay and whether it was within counsel's reasonable control" and "whether counsel acted in good faith") weigh in favor of Venezuela's motion. Venezuela plainly made a strategic decision in these confirmation proceedings not to raise the time-bar defense, which had already been rejected by the arbitral tribunal and the Paris Court of Appeal, and it cannot now revisit that decision simply because it has had a change of government.

## CONCLUSION

For the foregoing reasons, Air Canada respectfully requests that the Court deny Venezuela's motion for leave to file an answer and enter the final judgment proposed by the parties on September 25, 2026 (ECF No. 30).

Dated: October 9, 2026

Respectfully submitted,

*/s/ Thomas C.C. Childs*
Thomas C.C. Childs (NY0449)
KING & SPALDING LLP
1290 Avenue of the Americas
14th Floor
New York, NY 10104
Tel: (212) 556-2200
Fax: (212) 556-2222
tchilds@kslaw.com

Matthew D. McGill (DC481430)
Natalie Chaney (NY5925318; DC90046741)
(*pro hac vice forthcoming*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
(202) 737-0500
matthew.mcgill@kslaw.com
nchaney@kslaw.com

*Attorneys for Petitioner Air Canada Inc.*