**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AIR CANADA INC.,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**BOLIVARIAN REPUBLIC OF VENEZUELA,**<br><br>**Respondent.** | **Civil Action No. 24-2249 (JDB)** |

**MEMORANDUM OPINION & ORDER**

This Court has already adjudicated the meat of this dispute—a petition to confirm and enforce an arbitral award won by Air Canada Inc. ("Air Canada") against the Bolivarian Republic of Venezuela ("Venezuela")—in favor of Air Canada. Now, for the first time, Venezuela claims that it should be granted leave to argue that sovereign immunity compels dismissal of the petition, even though Venezuela failed to raise that issue at any of the prior stages of litigation. But the argument Venezuela seeks to make has already been rejected by the arbitral tribunal, and the tribunal's ruling is binding on this Court. The Court will therefore deny Venezuela's motion as futile and enter final judgment in favor of Air Canada.

**BACKGROUND**

Air Canada petitioned this Court to confirm and enforce its arbitral award against Venezuela. Pet. [ECF No. 1] at 1–2. Venezuela filed a motion to dismiss that raised merits defenses to enforcement of the award under Article V of the New York Convention, but it did not object to this Court's jurisdiction. Mot. to Dismiss [ECF No. 11]; Mot. to Dismiss Mem. [ECF No. 11-1]; Aug. 14, 2026 Mem. Op. [ECF No. 25] at 5–6. In August 2026, the Court determined that it had subject-matter jurisdiction under the arbitration exception to the Foreign Sovereign

Immunities Act ("FSIA"), denied Venezuela's motion to dismiss, granted Air Canada's petition, and directed the parties to jointly submit a proposed final judgment. Aug. 14, 2026 Mem. Op. at 4–6, 18; Aug. 14, 2026 Order [ECF No. 26].

In September, the parties filed a proposed judgment that included all elements of the arbitral award and a calculation of pre-judgment interest, but Venezuela "preserve[d] all … objections … relating to the entry of judgment" and "the proposed judgment amount" "in light of its forthcoming motion for leave to file an answer." Proposed Final Judgment [ECF No. 30] at 1 n.1. Venezuela then filed a motion "pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)" "for an order granting the Republic leave to file an answer following the Court's denial of its motion to dismiss." Mot. for Leave [ECF No. 31] at 1. Venezuela seeks leave to raise, for the first time, what it calls a "potentially dispositive defense": Air Canada allegedly filed its request for arbitration outside the three-year limitations period in the relevant arbitration agreement,[1] so Venezuela did not "consent to arbitration" and is therefore "immune from jurisdiction under the FSIA." Id. ¶ 8. Venezuela asserts that its motion to dismiss, which failed to make this argument, was filed by an "unrecognized and sham so-called 'ad hoc' government" that lacked authority "to litigate on behalf of the Republic." Id. ¶¶ 1, 7.

Venezuela asks the Court to "address" its argument about the limitations period "before converting [the] August 14 order into an enforceable final judgment." Venezuela Reply [ECF No. 36] at 2. Air Canada filed an opposition, Air Canada Opp'n [ECF No. 33], and the motion is now ripe for decision.[2]

[1] Air Canada commenced arbitration under the Agreement between the Government of Canada and the Government of the Republic of Venezuela for the Promotion and Protection of Investments. Request for Arbitration [ECF No. 1-6] ¶ 1.

[2] Before filing its motion for leave, Venezuela filed a notice of appeal to the D.C. Circuit of this Court's order denying Venezuela's motion to dismiss and granting Air Canada's petition. Notice of Appeal [ECF No. 28]. The notice of appeal does not preclude this Court from denying the motion for leave and entering final judgment. "The

## DISCUSSION

### I. Motion for Leave

Venezuela styles its submission as a motion for leave to file an "answer" under Rule 6(b)(1)(B), Mot. for Leave at 1, which authorizes a court to "extend the time" for a filing if the movant "failed to act" by the filing deadline "because of excusable neglect," Fed. R. Civ. P. 6(b)(1)(B). But Venezuela does not clarify which filing deadline it missed. If Venezuela intends to refer to the November 17, 2025 deadline for responding to Air Canada's petition, see Sept. 12, 2025 Minute Order, it complied by filing a motion to dismiss on that day, see Mot. to Dismiss. What Venezuela requests in substance is leave to file a "supplemental response" to Air Canada's petition presenting "an omitted defense" that the Court should "address … before converting its August 14 order into an enforceable final judgment." Venezuela Reply at 2. Venezuela's motion is thus more akin to a request for leave to file a motion for reconsideration of the Court's August 14 Memorandum Opinion and Order.

However Venezuela's motion may be construed, the Court will deny it as futile. The argument Venezuela wants to raise does not implicate this Court's jurisdiction. Instead, Venezuela seeks to raise an argument about the arbitrability of the dispute that the arbitral tribunal has already rejected, and this Court is bound by the tribunal's ruling.

---

filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (citation modified). Venezuela's motion for leave and the final judgment are not among "those aspects of the case involved in the appeal." Id. Venezuela's appeal addresses whether this Court "erred in rejecting the Republic's contention that confirmation and enforcement of the arbitral award would violate U.S. public policy." Statement of Issues, D.C. Cir. Case No. 26-7190 (Oct. 15, 2026). The argument Venezuela seeks to raise about the arbitration agreement's limitations period does not implicate this issue. Nor does the final judgment. Although the final judgment is predicated on the appealed order and the associated opinion, the judgment simply provides that Air Canada's arbitral award is confirmed and computes the amount of money Venezuela must pay Air Canada. Venezuela's appeal does not concern the calculation of the judgment amount. Notably, neither party claims that the notice of appeal prevents this Court from ruling on the motion for leave or entering final judgment.

The D.C. Circuit has distinguished between arguments contesting "the existence or validity of an arbitration agreement," which are "jurisdictional," and arguments challenging "the scope of an arbitration agreement," which are "arguments about arbitrability." Hulley Enters. Ltd. v. Russian Federation, 149 F.4th 682, 688–89 (D.C. Cir. 2025); see LLC SPC Stileks v. Republic of Moldova, 985 F.3d 871, 878 (D.C. Cir. 2021) (explaining that whether a foreign sovereign "agreed to arbitrate this particular dispute" is a question about "the arbitrability of a dispute," which "is not a jurisdictional question under the FSIA"). This difference matters because jurisdictional questions under the FSIA "must be independently determined by the court," whereas disputes over arbitrability "may be conclusively determined by an arbitral tribunal when the parties so delegate." Hulley, 149 F.4th at 690.

Venezuela frames its proposed argument about the limitations period as a "jurisdictional defense," Reply at 1, but in fact it seeks to make an argument about arbitrability. Rather than challenging the existence or validity of the arbitration agreement, Venezuela intends to argue that it did not "consent[] to arbitrate [Air Canada's] claim" because Air Canada commenced arbitration after the agreement's limitations period lapsed. Id. at 6. Under D.C. Circuit precedent, whether Venezuela "agreed to arbitrate this particular dispute," Stileks, 985 F.3d at 878, or whether "the scope of [the] arbitration agreement" covers Air Canada's claim in light of the limitations period, Hulley, 149 F.4th at 688, are questions of arbitrability.

That argument—properly understood as an argument about arbitrability, not a jurisdictional argument—fails because the arbitral tribunal has already rejected it. "[W]hen parties delegate questions of arbitrability to an arbitral tribunal, this court is bound by the tribunal's determinations." Id. at 689. As this Court explained in its prior Memorandum Opinion, "the parties agreed that the Tribunal would decide any issues of arbitrability." Aug. 14, 2026 Mem.

Op. at 13 (quoting Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela, 146 F. Supp. 3d 112, 121 (D.D.C. 2015)). And the tribunal found that Air Canada "complied with the time-bar provision" of the arbitration agreement. Award [ECF No. 1-2] ¶ 264. This Court is bound by that determination.

Venezuela also contends that its November 2025 motion to dismiss was filed by an "unrecognized and sham so-called 'ad hoc' government" that lacked authority "to litigate on behalf of the Republic." Mot. for Leave ¶¶ 1, 7. This claim is meritless. When Venezuela filed its motion to dismiss on November 17, 2025 and its reply on March 2, 2026, it was represented by U.S. counsel for Venezuela's 2015 National Assembly, which the United States then recognized as the legitimate government of Venezuela. See Air Canada Opp'n at 6–7; Aug. 14, 2026 Mem. Op. at 2 (explaining that in January 2019, "the United States withdrew recognition of [Nicolás] Maduro's government and recognized the 2015 National Assembly as the legitimate government of Venezuela"); Dep't of State Press Statement [ECF No. 33-3] at 2 (January 2023 State Department press statement observing that the "United States continues to recognize the democratically elected 2015 National Assembly as the last remaining democratic institution in Venezuela"); Dep't of State Media Note [ECF No. 33-4] at 2 (March 5, 2026 State Department media note announcing that the "United States and Venezuela's interim authorities have agreed to re-establish diplomatic and consular relations"); United States Letter of Interest [ECF No. 33-5] at 3 (letter from State Department official describing March 5, 2026 State Department media note as "announcing the normalization of relations with Venezuela under interim President Delcy Rodriguez"). In its reply, Venezuela does not press its sham-government argument or its suggestion that prior counsel lacked authority to represent it in this case. See Venezuela Reply at 4 ("The pertinent point is not whether prior counsel possessed authority to appear."). And even if there were concerns about prior

counsel's authority, those concerns would not justify allowing Venezuela's current counsel to make an argument about arbitrability that the arbitral tribunal has already rejected. The Court will therefore deny Venezuela's motion.

## II. Final Judgment

The parties filed a proposed final judgment with a calculation of pre-judgment interest, and Venezuela preserved all objections "to the entry of final judgment and to the proposed judgment amount in light of its" motion for leave. Proposed Final Judgment at 1 n.1. Apart from its motion, however, Venezuela has not specified any objections to the entry of judgment or to the proposed amount. The Court will therefore enter the proposed judgment, with an up-to-date calculation of pre-judgment interest. If Venezuela wishes to object to the judgment amount, it may raise such objections in a motion to alter or amend the judgment consistent with Federal Rule of Civil Procedure 59(e).

## CONCLUSION

Upon consideration of [31] Venezuela's motion for leave, [33] Air Canada's opposition, [36] Venezuela's reply, and the entire record herein, for the foregoing reasons, it is hereby **ORDERED** that the motion is **DENIED**. The Court will enter final judgment separately.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: November 10, 2026